IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA NICKS,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL CONTRA COSTA TRANSIT AUTHORITY,<br><br>    Defendant._____/ | No. C 07-01808 CRB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

    Proceeding *pro se*, Plaintiff Wanda Nicks filed this action against her employer, the Central Costra Costa County Transit Authority ("Defendant"). The lawsuit stems from an incident in which a passenger accosted Plaintiff with racial epithets after boarding a bus that she was driving. Plaintiff alleges that Defendant failed to respond appropriately and defend her from the passenger's assault, thereby discriminating (and perpetuating the passenger's discrimination) against her on the basis of race, gender, and ethnicity. The materials submitted in support of Plaintiff's complaint also indicate that she has been engaged in a number of ongoing disputes with Defendant as a result of the incident, some of which involve subsequent disciplinary action.

    Now pending before the Court is Defendant's motion to dismiss, which argues, among other things, that Plaintiff has failed to exhaust her administrative remedies. The Court

agrees. Under both California law and federal law, a victim of discrimination must first pursue a claim against the wrongdoer in an administrative proceeding. Under California law, the failure to seek a remedy with the appropriate administrative agency deprives this Court of jurisdiction to hear the case. Under federal law, the failure to exhaust administrative remedies is not a jurisdictional bar, but it is nonetheless a "condition precedent" to suit. In this case, both California and federal law deprive the Court of power to adjudicate Plaintiff's claims until she has attempted to obtain a remedy in administrative proceedings. <u>Stache v. Int'l Union of Bricklayers and Allied Craftsmen</u>, 852 F.2d 1231, 1233 (9th Cir. 1988).

It is undisputed that Plaintiff never exhausted her administrative remedies. She claims that she previously approached an EEOC representative, who advised her to seek assistance from an attorney. This she did, but the attorney declined to accept her case. The attorney further advised Plaintiff to bring her claims promptly, lest the statute of limitations expire. Plaintiff filed this lawsuit shortly thereafter. These steps were not enough for Plaintiff to meet the requirement that she exhaust her administrative remedies. Rather, Plaintiff must present the merits of her dispute for review and adjudication by the EEOC or an analogous California agency.[1] Until she does so, her federal lawsuit is premature. Accordingly, Defendant's motion is GRANTED and Plaintiff's complaint is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: July 9, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no determination here whether Plaintiff's claims would be timely if submitted to an appropriate administrative tribunal. Nor does the Court now make any determination about the merits of Plaintiff's claims.